# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1157V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| YOVANNY ALONZO, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: October 10, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Robert J. Krakow,* Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioner.

*Ryan D. Pyles,* U.S. Dep't of Justice, Washington, D.C., for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On August 9, 2018, Yovanny Alonzo filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he experienced Guillain-Barré syndrome after receipt of an influenza vaccine in 2016. Petition (ECF No. 1) at 1. An entitlement ruling was issued in 2020 in Petitioner's favor after Respondent's concession. Ruling, dated May 5, 2020 (ECF No. 65). I later issued a ruling making some initial damages findings but leaving other matters to be resolved via final briefing. Initial Damages Ruling, dated August 14, 2023 (ECF No. 108) (the "Initial Ruling"). Following the parties' final submissions, I issued a decision awarding the remaining damages components. Final Damages Decision, dated March 8, 2024 (ECF No. 126).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for attorney's fees and costs (the sole such request made in the case). Motion, dated September 22, 2024 (ECF No. 131) ("Fees Mot."). Petitioner requests a total of $246,159.14 reflecting $217,478.80 in fees incurred for the services of Mr. Robert Krakow, Esq., Mr. Elan Gerstmann, Esq., and a paralegal, plus $28,680.34 in costs. Fees Mot. at 38. Respondent reacted to the final fees request on September 13, 2024. Response, dated September 23, 2024 (ECF No. 132) ("Response"). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Response at 2-3. Petitioner filed a reply, reiterating the position taken in his motion. Reply, dated September 23, 2024 (ECF No. 133).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$246,159.14**.

I.      **Calculation of Fees**

Because Petitioner's claim was successful, he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), except where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney, associate attorney, and support staff, based on the years work was performed:

|  | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|---|
| **Mr. Robert Krakow (Attorney)** | $435 | $450 | $464 | $484 | $509 | $525 | $553 | $584 |
| **Mr. Elan Gerstmann (Attorney)** | -- | -- | -- | -- | -- | $497 | -- | $545 |
| **Paralegal** | $140 | $150 | $156 | $163 | $172 | $177 | $186 | $197 |

Fees Mot. at 13.

Messrs. Krakow and Gerstmann practice in New York, NY—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch*. *See Brady v. Sec'y of Health & Hum. Servs.*, No. 19-973V, 2022 WL 17821159 (Fed. Cl. Nov. 14, 2022). The rates requested (including for the paralegal) are also consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[3] *See Holmes v. Sec'y of Health & Hum. Servs.*, No. 17-1306V, 2024 WL 4284702, at *3-4 (Fed. Cl. Aug. 27, 2024). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II. Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Oct. 10, 2024).

Petitioner seeks $28,680.34 in outstanding attorneys' costs, including the filing fee, medical record retrieval costs, mailing, and costs associated with the work of two experts, Nizar Souayah, M.D. and Justin Willer, M.D.; Life Care Planner Linda Lajterman; and Spanish Interpreter Edison Vargas. Fees Mot. at 26-37. Dr. Souayah provided a preliminary opinion after Mr. Krakow paid him a retainer of $500. *Id.* at 27. Dr. Souayah did not claim additional compensation for his services. *Id.* Dr. Willer later prepared three written reports in this case and submitted three invoices reflecting a total amount of $16,717.00 charged to the matter (28.94 hours of work billed at $550 per hour, plus a flat fee of $800 for the neurological examination). *Id.* at 28-29. And Ms. Lajterman submitted two invoices reflecting a total amount of $6,225.00 charged to the matter ($5,000 for her review of the case and production of a life care plan, plus 3.5 hours of work billed at $350 per hour). *Id.* at 33-34. Mr. Vargas submitted four invoices reflecting a total amount of $2,966.66 ($125 per hour). *Id.* at 37. This sum was reasonable for the work performed, and I do not find any reason to make reductions.[4] The same is true for the other litigation-related costs. Thus, all requested costs in this matter shall be awarded.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$246,159.14**, reflecting $217,478.80 in attorney's fees and $28,680.34 in costs in the form of a check made jointly payable to Petitioner and his attorneys, Mr. Robert Krakow and Mr. Elan Gerstmann.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] I note, however, that I did not deem Dr. Willer's expert report to be persuasive or even useful in my determination. Initial Ruling at 19-20. In a case in which entitlement had been unsuccessfully contested, I would be far less likely to award all costs associated with his work. However, since his opinion went to damages, and since the total sum requested for his work is not facially unreasonable or shocking, I will in this instance award it (although Dr. Willer will have to do a far better job in future cases if he expects to receive his billed fees in full).

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.